Receipt # Ad0824

ORIGINAL

FILED
JUL 1 1 2007
U.S. COURT OF FEDERAL CLAIMS

**UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| ERICKSON AIR-CRANE, INC., Plaintiff, v. UNITED STATES OF AMERICA, Defendant. | No. 07-519 C<br>Bid Protest |

**COMPLAINT**

1. This Court has jurisdiction over this action challenging the decision of a contracting agency to override the automatic stay of contract performance imposed in accordance with the Competition in Contracting Act, 31 U.S.C. § 3553, pursuant to 28 U.S.C. § 1491(b). RAMCOR Servs. Group, Inc. v. United States, 185 F.3d 1286, 1289-90 (Fed. Cir. 1999).

2. Plaintiff Erickson Air-Crane, Inc. is a company incorporated in the State of Delaware ("Erickson").

3. Defendant is the United States of America, acting through the United States Forest Service, Department of Agriculture ("Forest Service").

4. On April 6, 2007, the Forest Service issued RFP No. AG-024B-S-07-0008 in which it solicited offers for exclusive use of heavy or medium helicopters to be used for aerial firefighting.

5. Erickson has provided helicopter firefighting services to the Forest Service for many years similar to the services solicited by the Forest Service under the subject solicitation.

6. Erickson submitted a timely offer in response to the solicitation, proposing four of its helicopters. Erickson proposed each of the four helicopters for 19 of the 35 locations for which services were being solicited by the Forest Service. Those locations are:

CLIN 1 Cadillac/Ely/Jeffco
CLIN 2 Prescott/Coeur d'Alene
CLIN 3 Albuquerque/Helena
CLIN 4 Sierra Vista/Grangeville
CLIN 5 Cedar City
CLIN 6 Lucky Peak
CLIN 7 San Bernardino
CLIN 8 San Bernardino
CLIN 10 Hemet
CLIN 11 Casitas
CLIN 12 Van Nuys
CLIN 15 Ely/Jeffco
CLIN 16 Phoenix
CLIN 17 McCall
CLIN 19 Westover
CLIN 20 Orland
CLIN 22 Mariposa
CLIN 24 Santa Maria
CLIN 25 Reno/Stead

7. By letter of June 13, 2007, the Forest Service notified Erickson that its proposal was rejected as technically unacceptable due to certain alleged deficiencies with the documentation Erickson had included in the proposal.

8. On information and belief, the Forest Service awarded several contracts on June 13, 2007 to other offerors who had submitted offers for the services being solicited under the above-referenced CLINs of RFP No. AG-024B-S-07-0008.

9. On June 22, 2007, Erickson submitted a timely protest to the Government Accountability Office ("GAO") challenging the rejection of its proposal for each of the four helicopters from consideration for award of a contract for all of the locations on which it submitted its offer with the exception of CLIN 25 Reno/Stead. The protest was docketed by GAO as B-299909. GAO's decision on the protest is due October 1, 2007.

10. Also on June 22, 2007, the same day that Erickson submitted its protest, GAO notified the Forest Service of the filing of Erickson's protest. This notice was given to the Forest Service no later than 10 days after any contracts for the above-referenced CLINs were awarded under RFP No. AG-024B-S-07-0008.

11. Under the Competition in Contracting Act, 31 U.S.C. § 3553(c)(1), a contract may not be awarded in any procurement after the contracting agency has received notice from GAO of a protest with respect to that procurement. A contracting officer may not authorize performance of a contract to begin when the contracting agency receives notice of a GAO protest within 10 days of contract award. See id. § 3553(d)(3).

12. An agency may override the automatic stay before contract award only when the head of the contracting agency determines in writing that urgent and compelling circumstances which

significantly affect the interests of the United States will not permit waiting for the decision of GAO on the protest. Id. § 3553(c)(2). An agency may override a stay after contract award only when the head of the contracting agency determines in writing either that contract performance is in the best interests of the United States or that urgent and compelling circumstances which significantly affect the interests of the United States will not permit waiting for the decision of GAO on the protest. See id. § 3553(d)(3)(C).

13. On July 9, 2007, over two weeks after Erickson filed its GAO protest, the Chief of the Forest Service ("Chief") decided to override the automatic stay.

14. The bases set forth by the Chief in her findings in support of her override determination are inadequate as a matter of law.

15. The Chief's decision to override the automatic stay was arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law.

WHEREFORE, plaintiff Erickson Air-Crane, Inc., seeks an order from this Court:

(a) Declaring the decision of the Chief of the Forest Service to override the automatic stay of contract award and to authorize contract performance to go forward without awaiting a decision of GAO on the merits of Erickson's protest relating to the 18 CLINs in RFP No. AG-024B-S-07-0008 that are the subject of Erickson's protest before GAO are arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law;

(b) Enjoining the Forest Service from overriding the automatic stay of contract award or authorizing contract performance of the 18 CLINs in RFP No. AG-024B-S-07-0008 that are the subject of Ericson's protest before GAO;

(c) Awarding Erickson its costs and fees, including attorney's fees incurred in bringing this action; and

(d) Granting such other relief as this Court deems just.

Respectfully submitted,

Alan I. Saltman
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Counsel for Plaintiff

OF COUNSEL:

Ruth G. Tiger
Eric J. Pohlner
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Dated: July 11, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of July 2007, I caused to be served via hand delivery, a copy of the foregoing **COMPLAINT** on counsel for defendant, John Todor, Esq., U.S. Department of Justice, Commercial Litigation Branch, Civil Division, Attn: Classification Unit, 1100 L Street, N.W., Room 8012, Washington, D.C. 20530.

Beverly J. Rector
Beverly J. Rector