## UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ERICKSON AIR-CRANE, INC., Plaintiff, v. UNITED STATES OF AMERICA, Defendant. | No. ________ Bid Protest |

## DECLARATION OF LANNIS ALLMARAS

I declare under penalty of perjury that the following is true and correct:

1. I am currently the North America and Australia Firefighting Program Manager for Erickson Air-Crane, Inc. I have held this position since 1997. Previously, I was employed by the United States Forest Service and the United States Department of the Interior beginning in 1965. I have over 42 years of experience in wildfire and prescribed fire programs within the public and private sectors. For 39 years, my focus has been on the aviation aspects of fire programs specifically related to helicopter operations and management. A copy of my resume is attached to this Declaration as Ex. A.

2. Part of my duties and responsibilities involve the positioning and dispatch of helicopters by Erickson to meet the Forest Service's firefighting needs. I also provide on-site and remote field assistance and liaison during periods of firefighting activities. I am responsible for the day-to-day administration of Erickson's contracts with the Forest Service. In this



Ex. 1

capacity, I have frequent dealings with the Forest Service personnel responsible for firefighting, including the contracting personnel and the on-the-ground personnel who direct Erickson's helicopter firefighting activities.

3. Erickson has provided helicopter firefighting services to the Forest Service throughout its 37-year existence.

4. Erickson has had an excellent working relationship with the Forest Service and has always tried to accommodate the Forest Service's firefighting needs. This is reflected in the excellent performance reviews that Erickson routinely has received from the Forest Service.

5. Until July 7, 2007, Erickson was under contract to the Forest Service to provide exclusive use helicopter services under contract no. AG-024B-C-05-9096.

6. Erickson is currently under contract to the Forest Service to provide Call When Needed (CWN) helicopter services under contract no. AG-024B-C-05-9007.

7. The helicopter services provided under the exclusive use and CWN contracts are the same. Under both types of contracts the contractor provides the services of one or more technically-capable helicopters, fully operated by qualified personnel and equipped for use in the protection of public lands from wildfire. The services Erickson provided the Forest Service under its exclusive use contract, Contract 9096, and is currently providing under its existing CWN contract, Contract 9007, are the same services being solicited by the Forest Service under the subject solicitation.

8. Erickson's crews have performed the same helicopter services under both its exclusive use and CWN contracts.

9. Additionally, Erickson has provided helicopter firefighting services using the same model of helicopter, the S-64 helitanker, under both its exclusive use and CWN contracts



**Ex. 1**

with the Forest Service. The four helicopters Erickson has proposed under the subject solicitation are all this same S-64 model. All four of the helicopters Erickson proposed under the subject solicitation can also be made available to the Forest Service under Erickson's current CWN contract.

10. Exclusive use and CWN contracts differ in the mechanics of how the Forest Service orders helicopter services. In an exclusive use contract, the parties agree up front on the dates for which the contractor will keep a helicopter available for the Forest Service's use. The CWN contract, as its name suggests, authorizes the Forest Service to order helicopter services but does not guarantee the placement of any orders by the Forest Service. Once the Forest Service decides it needs helicopter services, it places an order with the contractor. In accepting the order, the contractor agrees to make the helicopter available for a mutually agreeable period of time or until the Forest Service releases the helicopter. After the contractor accepts an order under its CWN contract, the CWN contract operates just like the exclusive use contract. Under both types of contracts the Forest Service pays the contractor a daily rate for keeping a helicopter available for the Forest Service's use.

11. Based on my experience with Erickson's CWN contracts and first-hand knowledge of both the helicopter firefighting industry and the Forest Service's helicopter firefighting and firefighting contracting practices, I know that the Forest Service has used CWN contracts as the principal contractual mechanism for acquiring Type I helicopter firefighting services for many years. Under these contracts the Forest Service has routinely ordered helicopter services before its actual needs arose in order that it would have helicopters available for immediate dispatch. I also know that the Forest Service has ordered helicopter services under

its CWN contracts that were not restricted to a particular fire incident. There is no real reason why these practices could not continue.

12. Based on my experience with Erickson's CWN contracts and first-hand knowledge of both the helicopter firefighting industry and the Forest Service's helicopter firefighting and firefighting contracting practices, I know that the CWN contracts currently in place are available to meet the Forest Service's helicopter firefighting needs this season. While the Forest Service's desire to move away from the CWN contract as the principal contractual mechanism for acquiring helicopter firefighting services may be well intentioned, there is no real reason why the Forest Service cannot meet its firefighting needs this season through use of the CWN contracts currently in place.

13. Erickson held its exclusive use contract, no. 9096, from July 6, 2005 through July 7, 2007. The contract had an initial term of one year and provided for two one-year option periods. The Forest Service exercised the first renewal option but with our agreement only exercised its second renewal option through May 30, 2007 rather than for the full one-year renewal term. In response to the Forest Service's subsequent request to further extend the term of the contract, Erickson agreed to extend the term of Contract 9096 on a day-by-day basis. That contract remained in force until July 7, 2007 when the Forest Service notified us that it had terminated the contract. Erickson would be willing to consider reinstating and extending the term of Contract 9096 until the protest is resolved or for the full one-year option period, which would result in an adjusted termination date of that contract of April 30, 2008.

14. The terms of Contract 9096 are substantially the same as the terms of the draft contract included in the subject solicitation. Both Contract 9096 and the draft contract are based on a standard form contract prepared by the Forest Service.

15. Like section C-33 of the draft contract in the solicitation, section C-33 of Contract 9096 permits the Forest Service to order additional helicopters subject to the terms and conditions of that contract.

16. On several occasions during the term of Contract 9096, the Forest Service ordered and Erickson quickly provided additional helicopters to the Forest Service in accordance with clause C-33. Just last year, the Forest Service twice ordered additional helicopters under Contract 9096. Erickson was able to respond to the Forest Service's orders within a few days.

17. Based on my experience with Contract 9096 and first-hand knowledge of both the helicopter firefighting industry and the Forest Service's helicopter firefighting and firefighting contracting practices, I know that the Forest Service had similar exclusive use contracts with a number of other helicopter operators and that the Forest Service had also ordered additional helicopters in accordance with clause C-33 of those contracts. I also know that other operators had agreed with the Forest Service to extend the terms of their exclusive use contracts similar to the extension Erickson agreed to with the Forest Service on Contract 9096.

18. If the Forest Service were to reinstate Contract 9096 and request Erickson to provide additional helicopters in accordance with clause C-33 of that contract today, Erickson could be in a position to provide two helicopters to the Forest Service within a few days. Additional helicopters may be available depending on the work commitments of those helicopters, something which can change frequently.

19. Based on my first-hand knowledge of the helicopter firefighting industry, I have reason to believe that other helicopter operators would be in a similar position to provide additional helicopters to the Forest Service in accordance with clause C-33 of their exclusive use contracts.

20. Of course, each helicopter operator's particular situation is unique but based on my knowledge of the industry, I have no doubt that other operators have helicopters that they can and would be willing to make available to the Forest Service for exclusive use in accordance with clause C-33 of their exclusive use contracts when needed by the Forest Service for firefighting.

21. Erickson has held its current CWN contract, no. 9007, since April 26, 2005 and has held CWN contracts for many years before that. That contract was for an initial one-year period with two one-year option periods. The Forest Service exercised both of its one-year renewal options and the contract is not scheduled to terminate until April 30, 2008.

22. Just a few weeks ago, the Forest Service ordered helicopter services from Erickson under its CWN contract to help fight the Angora fire in Lake Tahoe. Erickson provided the ordered helicopter services to the Forest Service for two days until the Forest Service released the helicopter. Even more recently, the Forest Service ordered helicopter services from Erickson under its CWN contract to help fight a fire near Yellowstone National Park. Almost immediately after that helicopter was released from Yellowstone, the Forest Service ordered the helicopter to work on a fire in the Black Hills of South Dakota, where it is currently working.

23. Based on my experience with Erickson's CWN contracts and first-hand knowledge of both the helicopter firefighting industry and the Forest Service's helicopter firefighting and firefighting contracting practices, I know that the Forest Service has similar CWN contracts for heavy or medium helicopters (Type I or Type II) with about 70 other helicopter operators and has about 250 heavy or medium helicopters (Type I or Type II) available to it to meet its firefighting needs under the CWN contracts. These other CWN

contracts, like Erickson's current CWN contract, are for the same helicopter services being solicited by the Forest Service under the subject solicitation.

24. Based on my experience with Erickson's Contract 9096, its CWN contracts, and first-hand knowledge of both the helicopter firefighting industry and the Forest Service's helicopter firefighting and firefighting contracting practices, I know that the Forest Service can obtain the requisite number of helicopters under its exclusive use and CWN contracts to meet its firefighting needs. The Forest Service does not need to go forward with award of the 18 contracts we are protesting to meet these needs.

Dated: July 10, 2007

Lannis Allmaras



Ex. 1