**UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ERICKSON AIR-CRANE, INC., Plaintiff, | ) | No. 07-519C (Lettow) |
| v. | ) | Bid Protest |
| UNITED STATES OF AMERICA, Defendant. | ) | |

**PLAINTIFF'S MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD**

Plaintiff Erickson Air-Crane, Inc. ("Erickson") respectfully asks the Court to permit it to supplement the record on review to include:

1. Transcript of the hearing on the Applications for Temporary Restraining Order, July 12, 2007;[1]

2. First Declaration of Lannis Allmaras, Docket No. 12-2 (Exhibit 1, Erickson Initial Br.);

3. Second Declaration of Lannis Allmaras, Docket No. 12-3 (Exhibit 2, Erickson Initial Br.); and

4. Transcript of the hearing on the merits to be held on August 8, 2007.

Supplementation of the administrative record is necessary because the additional information directly supports Erickson's argument that the Chief of the Forest Service ("Chief") failed to consider factors that were relevant to her determination to override the automatic stay

[1]The transcript is shown on the Court's docket as having been filed as Docket No. 13 in the Superior Helicopter case, no. 07-518C, but is not listed as having been filed in the instant case, no. 07-519C. The transcript should be filed in this case as well.

and therefore her determination was arbitrary and capricious. See Advanced Sys. Dev., Inc. v. United States, 72 Fed. Cl. 25, 34 (2006) (where agency fails to consider factors relevant to its final decision, court should permit use of extra-record evidence; this is a well-established exception to the general rule that judicial review of agency action is limited to the administrative record) (citing Esch v. Yeutter, 876 F.2d 976 (D.C. Cir. 1989)). Specifically, additional information which Erickson seeks to include in the administrate record demonstrates that there were reasonable alternatives to an override that would allow the Forest Service to meet its helicopter firefighting needs while Erickson's protest remains pending before the Government Accountability Office. The Chief failed to consider these reasonable alternatives based in part on the unreasonably limited administrative record prepared by the Forest Service.

Additionally, supplementation of the administrative record is necessary because the administrative record prepared by defendant failed to adequately explain the significance of the documents contained therein, in particular the UTF Count Report. Administrative Record at 19; see Advanced Sys. Dev., 72 Fed. Cl. at 34 (supplementation of administrative record appropriate when agency's action not adequately explained in record before the court). The Chief based her override determination primarily upon the ground that the fleet of Call When Needed ("CWN") helicopters had been depleted and could not be used to guarantee the availability of helicopters to fight forest fires this fire season. This conclusion in turn was apparently based in part upon information contained in the UTF report. Neither the override determination nor the administrative record describe the meaning of the UTF report or how it supports a finding that the CWN fleet was depleted. The evidence with which Erickson asks the Court to supplement the administrative record explains the information contained in the UTF report and the reasons

why it does not necessarily reflect that helicopter orders were unfilled and/or the cause of any unfilled orders. It therefore demonstrates why the Chief could not have reasonably relied upon it to conclude that the fleet of CWN helicopters had been depleted.

The additional information that Erickson seeks to add to the administrative record in this case is necessary to enable the Court to properly determine whether the administrative record as submitted to the Chief was sufficient for her to make a reasonable and well-considered determination to override the stay or instead show that the override determination was arbitrary and capricious.

For the foregoing reasons, plaintiff respectfully requests that the Court allow Erickson to supplement the administrative record prepared by defendant

Respectfully submitted,

s/Alan I. Saltman
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Counsel for Plaintiff

OF COUNSEL:

Ruth G. Tiger
Eric J. Pohlner
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Dated: August 6, 2007